UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAMIR SOURI )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>DOMINION LAW )<br>ASSOCIATES, PLLC )<br>    Defendant, )<br> ) | Civil Action No. 1:13-cv-12532 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.    INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Samir Souri, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, by Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business here, personal jurisdiction is established.

## III.    PARTIES

4. Plaintiff, Samir Souri is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Suffolk County, in the state of Massachusetts.

5. Defendant, Dominion Law Associates, PLLC is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Virginia Beach County, in the state of Virginia.

6. Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   FACTUAL ALLEGATIONS

8. Sometime before October 8, 2013, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to October 8, 2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Within one year prior to the filing of this complaint, Plaintiff received a letter from Defendant, addressed to Plaintiff's name, with his brother's address falsely listed as Plaintiff's address, on September 21, 2013.  The letter stated that Plaintiff had a judgment against him.  Plaintiff was concerned, and called Defendant on September 23, 2013 to discuss the alleged judgment, and the letter he had received.  Plaintiff was concerned because he had never lived in Virginia, and had been living in Massachusetts since 1993.

13. Plaintiff spoke to a representative of Defendant on the telephone, who told him that in 2010, a judgment had been 'issued' against Plaintiff in 'Fairfax County Court'.  This was both concerning and odd to Plaintiff, given that he had again, never lived in Virginia, and his brother also did not live in Virginia prior to the beginning of 2012, and Defendant was adamant that it was Plaintiff Samir Souri that it was looking for.  Defendant demanded immediate payment to clear the alleged account, without also stating to Plaintiff that he still had time to dispute and/or seek validation of the alleged debt; which he still had.  Plaintiff then called a courthouse in Fairfax County, and was told by the court that nothing could be found attached to his name in their system.  Plaintiff also searched the online database for the state of Virginia's courthouse's, and found that nothing was on file with his name in regards to any judgment having been entered against him.

14. Defendant's above statements to Plaintiff were false and misleading, made in an attempt to improperly and unfairly get funds out of Plaintiff. Plaintiff called Defendant to inform it of what he had discovered. Defendant told him, upon hearing the information from Plaintiff, that his file had been closed, and turned back to the creditor. These were "communications", as defined by 15 U.S.C. § 1692a(2), and in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692e, §1692e(10), §1692d, and §1692f.

## SUMMARY

15. All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant Dominion Law Associates, PLLC were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

16. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

17. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by this Defendant.

18. Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anxiety, emotional distress, frustration, upset, amongst other negative emotions.

19. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## RESPONDEAT SUPERIOR LIABILITY

20. The acts or omissions of this Defendant, and the other debt collectors employed as agents by Defendant Dominion Law Associates, PLLC who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Dominion Law Associates, PLLC.

21. The acts and omissions by this Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Dominion Law Associates, PLLC in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, this Defendant and these other debt collectors were motivated to benefit their principal, Defendant Dominion Law Associates, PLLC.

23.  Defendant Dominion Law Associates, PLLC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiff.

## V.      CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.  The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

26. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an

amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  October 8, 2013 | RESPECTFULLY SUBMITTED,<br>By: /s/ Kevin Crick<br>Kevin Crick, Esq.<br>BBO:  680950<br>Consumer Rights Law Firm, PLLC<br>231 Sutton St., Suite 1A<br>North Andover, Massachusetts 01845<br>Phone: (978) 420-4747<br>Fax: (978) 409-1486<br>kevinc@consumerlawfirmcenter.com<br>**Attorney for Plaintiff** |

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Samir Souri demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.